UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAYMOND E. SALLY,

                    Plaintiff,

          -against-

BRITISH ROYALL FAMILY, et al.,

                    Defendants.

26-CV-0309 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is currently incarcerated at Collins Correctional Facility, brings this action *pro se*. Plaintiff brings this action against "the British Royall Family," Kate Middleton, "Prince Andrew," Meghan Markle, "Donald J. Trump Inc. (USA)," New York Supreme Court Justice Laura Ward, Anna M. Kross Center warden, New York County District Attorney Alvin Bragg, the Correction Officers' Benevolent Association (COBA), COBA President Benny Boscio, Jr., and the New York City Police Department.

By separate order, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following allegations are drawn from the complaint.[1] Plaintiff states that this action is brought by "Filer STRAW-MAN under U.C.C law." (ECF 1 at 1.) He states that he is "suing because [his] name is in capital Letter of the Straw-man."  (*Id.* at 2.) He states the following:

> [M]y SS Number is still active here in New York city and this is the 3rd times I have been Kidnaped by that NYPD Police Gang and the supreme court of New York and this slave complex Rickers Island. I am a moris[h] American of MST OF A. (Trib and from the maroons/ Isrilight moor/ moslem ( what I stand For is love truth peace justice unity [illegible] power. . . Am sueing because my name is in capital letter of the strawman.

(*Id.* at 7.)

Plaintiff further asserts:

> Kidnapping by NYPP Department of police. Druge wrongfuly by the court of Supreme Brooklyn, manhattan, Queen, Bronx, Traumatized, exe vaping handcuffed bind back beating in Jail working as a slave FOR 5 cent a day.

(*Id.*)

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

Plaintiff "seeks to come Forward to King And Queens of England [and] even the prince and princess. He notes that Jamaica has demanded billions in Slavery reparation From UK." (*Id.*) Plaintiff invokes the "Redemptionist and sovereign citizen theories" (*id.* at 8), and he seeks "Billions IN Slavery Reparation-N-Full Amount From UK." (*Id.* at 10.)

**DISCUSSION**

**A.     Frivolous Claims**

The IFP statute requires the court to dismiss an action if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). "[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." *Livingston*, 141 F.3d at 437. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Plaintiff refers to the "strawman," referencing the fact that his name is in all capital letters. Proponents of the "redemptionist" argument believe that "when a person's name is spelled . . . with initial capital letters and small letters, [it] represents the 'real person' . . . [and w]henever a person's name is written in total capitals, . . . only [a] 'strawman' is referenced, and the flesh and blood person is not involved." *Santana v. United States*, Nos. 16-CV-5750 (PKC), 13-CR-0536 (PKC), 2017 WL 2470834, at *2 (S.D.N.Y. June 6, 2017) (quotation marks and citation omitted). Courts have explained the underpinning of these ideas:

> "Redemptionist" theory . . . propounds that a person has a split personality: a real person and a fictional person called the "strawman." The "strawman" purportedly came into being when the United States went off the gold standard in 19[3]3, and, instead, pledged the strawman of its citizens as collateral for the country's national debt. Redemptionists claim that government has power only over the strawman and not over the live person, who remains free. Individuals can free

3

themselves by filing UCC financing statements, thereby acquiring an interest in their strawman.

*Monroe v. Beard*, 536 F.3d 198, 203 n.4 (3d Cir. 2008) (citation omitted).

The arguments that Plaintiff asserts in his complaint have been consistently rejected by federal courts as without merit and as frivolous. *See*, *e.g.*, *United States v. Ulloa*, 511 F. App'x 105, 107 n.1 (2d Cir. Feb. 14, 2013) (noting that adherents of the sovereign citizens movement "believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior."); *Muhammad v. Smith*, No. 3:13-CV-760, 2014 WL 3670609, at *2 (N.D.N.Y. July 23, 2014) ("Theories presented by redemptionist and sovereign citizen adherents have not only been rejected by the courts, but also recognized as frivolous and a waste of court resources."). Because Plaintiff's claims are "based on an indisputably meritless legal theory," *Livingston*, 141 F.3d at 437, the Court dismisses this action as frivolous, see 28 U.S.C. § 1915(e)(2)(B)(i).

**B.      Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's complaint does not suggest that further pleading could cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**CONCLUSION**

The Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:   February 10, 2026
         New York, New York

                                             Louis L. Stanton
                                             U.S.D.J.